UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MODERN ORTHOPAEDICS OF NEW JERSEY,<br><br>      Plaintiff,<br><br>-against-<br><br>CIGNA HEALTHCARE,<br><br>      Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, MODERN ORTHOPAEDICS OF NEW JERSEY ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against CIGNA HEALTHCARE, ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 2025 Hamburg Turnpike Suite C, Wayne, New Jersey 07470.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the District.

**FACTUAL BACKGROUND**

5. Plaintiff is a medical provider who specializes in Orthopaedic Surgery.

6. On September 20, 2023, Dr. Peter H DeNoble , M.D, FAAOS., an Orthopaedic surgeon, along with assistant surgeon Alejandro Morales Restrepo, MD employed by Plaintiff,

performed surgical treatment on a 18-year-old male identified as T.M ("Patient") at The Chilton Medical Center, located in Pompton Plains, New Jersey.

7. At the time of their treatment, Patient was the beneficiary of a health plan issued or administrated by Defendant.

8. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes.

9. Plaintiff is out-of-network with Defendant and Patient's health plan ordinarily does not include coverage for out-of-network treatment.

10. However, since the services were rendered emergently/inadvertently, Patient's out-of-network medical treatment is subject to reimbursement pursuant to the Federal No Surprises Act ("the Act").

11. Regarding CPT 25320, Plaintiff billed Defendant in the amount of $33,338.00.

12. Regarding CPT 25320, Plaintiff billed Defendant in the amount of $26,670.40.

13. In response to Plaintiff's HCFA, Defendant made the following payments to Plaintiff:

14. Regarding CPT 25320, Defendant allowed payment in the amount of $1,221.46.

15. Regarding CPT 25320, Defendant allowed payment in the amount of $97.72.

16. Pursuant to the Act, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

17. In this case, Plaintiff disputed Defendant's payment determinations and initiated the negotiation period called for by the Act. In effect, Plaintiff was disputing Defendant's denied payment determinations.

18. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator.

19. Plaintiff initiated such arbitrations as called for by the Act.

20. For the above, Plaintiff initiated two (2) arbitration proceedings.

21. On September 14, 2024, the arbitrator ruled in Plaintiff's favor regarding CPT 25320, under Arbitration Dispute DISP-994299, awarding Plaintiff a total of $24,179.00 amounting to an additional $22,957.54 over Defendant's initial payment. (*See*, **Exhibit A**, attached hereto.)

22. Because Patient's treatment implicated the Act, there was no dispute as to Plaintiff's eligibility to challenge Defendant's payment determination even though Defendant denied payment entirely.

23. Indeed, Defendant did not object to Plaintiff's arbitration filing, and instead participated in the arbitration, submitting a "final offer" for Arbitration Dispute DISP- 994299 of $597.72 for the CPT code 25320.

24. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

25. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was October 14, 2024.

26. As of the date of this Complaint, over 140 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff for CPT code 25320.

27. In addition, on September 14, 2024, the arbitrator ruled in Plaintiff's favor regarding CPT 25320, under Arbitration Dispute DISP-994298, awarding Plaintiff a total of $29,179.00 amounting to an additional $22,957.54 over Defendant's initial payment. (*See*, **Exhibit B**, attached hereto.)

28. In this case, the additional payment was due on October 14, 2024. However, Defendant failed to issue the additional payment amount awarded in arbitration.

29. Indeed, Defendant did not object to Plaintiff's arbitration filing, and instead participated in the arbitration, submitting a "final offer" for Arbitration Dispute DISP- 994298 of $1,721.46 for the CPT code 25320.

30. As of the date of this Complaint, over 140 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

31. The total amount awarded to Plaintiff, combining all of the arbitration decisions referenced herein is $53,358.00 which amounts to $52,038.82 over Defendant's initial payments.

32. Accordingly, Plaintiff has been damaged in the total amount of $52,038.82 in regard to these awards, and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

**PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9**

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

35. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

36. Indeed, this District has held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

37. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

38. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration awards as follows:

    a.    DISP-994299, issued September 14, 2024.

    b.    DISP-994298, issued September 14, 2024.

## **COUNT TWO**

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF BINDING AWARDS**

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Under the federal No Surprises Act, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the Act's negotiation period.

41. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act.

42. Federal Hearings and Appeals Services, Inc., the federal independent dispute resolution ("IDR") entity assigned to these disputes, made the following determinations:

  a. DISP-994299, $24,179.00 issued September 14, 2024.

  b. DISP-994298, $29,179.00 issued September 14, 2024.

43. According to the No Surprises Act, Defendant had thirty (30) to remit the arbitration payments to Plaintiff.

44. Defendant failed to make the payments by thirty days for each award, and as of the date of the filing of this Complaint, Defendant has still failed to remit the arbitration payment to Plaintiff.

45. As such, Defendant has failed to comply with the requirements of the No Surprises Act.

46. As a result of Defendant's failure to comply with the requirements of the No Surprises Act, Plaintiff has been damaged in the total amount of $52,038.82.

**CLAIM FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.    For an Order confirming the arbitration award, DISP-994299, $24,179.00 issued September 14, 2024.

    b.    For an Order confirming the arbitration award, DISP-994298, $29,179.00 issued September 14, 2024.

    c.    For an Order directing Defendant to pay Plaintiff $52,038.82.

    d.    For attorney's fees, interest, and costs of suit; and,

    e.    For such other and further relief as the Court may deem just and equitable.

Dated: Fair Lawn, New Jersey
March 3, 2025

                                        GOTTLIEB AND GREENSPAN, LLC
                                        *Attorneys for Plaintiff*

                          By:    <u>/s/ David Nissanoff.</u>
                                    David Nissanoff
                                    17-17 Route 208, Suite 250
                                    Fair Lawn, New Jersey 07410
                                    (201) 644-0992